UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAMONT HEARD, et al.,

        Plaintiffs,

v.                                                                    Case No. 1:13-CV-373

TOM FINCO, et al.,                                       HON. GORDON J. QUIST

        Defendants.
_____/

## MEMORANDUM ORDER ADOPTING IN PART AND
## REJECTING IN PART REPORT AND RECOMMENDATION

Plaintiffs, Lamont Heard, William Johnson, Jamero Moses, and Anthony Nelson are prisoners incarcerated with the Michigan Department of Corrections (MDOC). Plaintiffs allege that they are Muslims and participate in the fast from dawn until sunset each day during the Islamic month of Ramadan. Plaintiffs have sued Defendants alleging that, during the 2011 and 2012 Ramadan fasts, they were not provided the 2,900 calories of food per day required by MDOC policy. Instead, they allege, their calories were reduced to approximately 1,000 to 1,500 calories per day. (Dkt. # 1 ¶¶ 23–26.) Plaintiffs allege that Defendants' refusal to accommodate Plaintiffs' requests for nutritionally-adequate meals violated their rights under the First and Eighth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1 *et seq.* Plaintiffs also sought a preliminary injunction requiring Defendants to provide 2,900 calories per day during the 2013 Ramadan fast.

The Court previously addressed Plaintiffs' Motion for Preliminary Injunction relating to the 2013 Ramadan fast in its July 8, 2013 Memorandum Opinion and Order Denying Plaintiffs' Motion for Preliminary Injunction. (Dkt. # 21.) On July 10, 2013, the Court issued an Order of Clarification (dkt. # 22), in which it clarified that its denial of injunctive relief was based on Defendant Purves'

representations in his affidavit that the 2013 Ramadan meal would provide observant prisoners between 2,350 and 2,594 calories per day. Therefore, the Court ordered Defendants to provide a minimum of 2,350 calories per day during the 2013 Ramadan observance.[1]

Defendants moved for summary judgment on various grounds, and Plaintiffs responded with their own motion for summary judgment. On February 25, 2014, Magistrate Judge Brenneman issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion, deny Plaintiffs' motion, and dismiss the case. In particular, the magistrate judge concluded that: (1) Plaintiff Heard failed to properly exhaust his claims; (2) Plaintiff Heard's claims are barred by the applicable statute of limitations; (3) Defendants are entitled to qualified immunity on Plaintiffs' First Amendment claims; (4) Plaintiffs' Eighth Amendment claims based on the 2013 Ramadan menu fail as a matter of law; (5) Plaintiffs' Eighth Amendment claims against Defendants Purves and Martin fail for lack of personal involvement; (6) Defendants' request for dismissal of Plaintiffs' claim for damages under RLUIPA be denied because Plaintiffs do not request damages for the alleged RLUIPA violation; and (7) Plaintiffs' claim for injunctive relief should be denied.

Plaintiffs have filed Objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiffs' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part.

### 1. Defendants Fail to Demonstrate Lack of Exhaustion by Plaintiff Heard

Focusing on grievance MBP 09-08-01872-28c (1872 grievance) that Plaintiff Heard filed on August 14, 2009, Defendants argue that Plaintiff Heard's claims should be dismissed for failure to

---

[1] A hearing is currently set for April 28, 2014 regarding Plaintiffs' motion to hold Defendants in contempt for failing to provide the minimum of 2,350 calories per day during the 2013 Ramadan fast. (Dkt. # 58.) The contempt hearing is a separate matter that does not affect Plaintiffs' claims concerning the 2011 and 2012 Ramadan fasts.

exhaust his available administrative remedies. As the magistrate judge observed, the 1872 grievance lists the date of the incident as July 21, 2009. (R & R at 7; dkt. # 14-1 at Page ID 111.) The magistrate judge concluded that Plaintiff Heard failed to properly exhaust the 1872 grievance because, although he appealed the grievance through Step III, the Step III respondent rejected the grievance on the procedural ground that it raised multiple separate issues that should have been addressed in separate grievances. (R & R at 7–8; dkt. # 14-1 at Page ID 110.)

In their response brief, however, Plaintiffs argued that their claims concerned the inadequacy of the 2011 and 2012 Ramadan menus. Plaintiffs attached more recent grievances filed by Plaintiff Heard—grievances LCF 2012-08-0863-09B (863 grievance) and LCF 12-08-0864-20e (864 grievance)—as evidence that Plaintiff Heard properly exhausted his claims before filing his complaint in this case. The magistrate judge concluded that Plaintiff Heard did not show that he exhausted the 863 grievance because the copy of that grievance was illegible and it was impossible to determine the issue that Plaintiff Heard grieved. The magistrate judge further concluded that Plaintiff Heard failed to present evidence that he exhausted the grievance to Step III. (R & R at 8.) As for the 864 grievance, which is duplicative of the 863 grievance, the magistrate judge stated that Plaintiff Heard failed to present evidence of his Step I grievance.

In his Objections, Plaintiff Heard attaches a legible copy of his Step I 863 grievance, which shows that Plaintiff Heard grieved the issue of inadequate calories at Step I. (Dkt. # 57-1 at Page ID 683.) Plaintiff Heard also attaches a copy of the Step I response. In addition, Plaintiff notes that his Step II/Step III grievance form and the Step II response on the form was attached as Exhibit 13 to Plaintiffs' response brief and indicated the nature of the Step I grievance. Finally, Plaintiff Heard attaches a copy of the Step III response to the 863 grievance.

In light of this evidence, the Court concludes that Defendants have failed to demonstrate that Heard did not exhaust his claims. First, Plaintiffs note that their claims concern the 2011 and 2012 Ramadan menus, so Plaintiff Heard's failure to exhaust a claim pertaining to the 2009 Ramadan menu is immaterial to the claims in this case. Second, Plaintiff Heard's evidence shows that he exhausted his grievance asserting inadequate calories for the 2012 Ramadan fast through all three steps of the MDOC's grievance process. Moreover, at a minimum, the Step II/Step III grievance form that Plaintiffs attached to their brief in response to Defendants' motion, (dkt. # 30-3 at Page ID 424–25), sufficed to create an issue of fact as to whether Plaintiff Heard properly exhausted. Failure to exhaust in the context of the Prison Litigation Reform Act is an affirmative defense on which defendants bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 216,127 S. Ct. 910, 921 (2007); *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) ("A PLRA defendant bears the burden of proving that a PLRA plaintiff has not exhausted his administrative remedies."). Plaintiff Heard presented some evidence that he exhausted the 863 grievance, but Defendants completely failed to address the 863 grievance. Thus, Defendants failed to carry their burden on their exhaustion defense, at least with regard to Plaintiff Heard's claim arising out of the 2012 Ramadan fast.

## 2. Defendant Heard's Claims are not Untimely

The magistrate judge recommended dismissal of Plaintiff Heard's claims on the alternate ground that they are barred by the three-year statute of limitations applicable to § 1983 actions in Michigan. Plaintiffs clarify in their Objections, however, that their claims concern the 2011 and 2012 Ramadan fasts, not the 2009 Ramadan fast. Moreover, Plaintiff Heard's exhausted claim based on the 2012 Ramadan fast was filed within the three-year limitations period. Thus, Defendants are not entitled to summary judgment on Plaintiff Heard's claims on this basis.

**3.      Defendants are not Entitled to Qualified Immunity on Plaintiffs' First Amendment Claims**

Qualified immunity protects government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).   It is well established that prisoners retain their First Amendment right to the free exercise of their religion. *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985). However, "the circumstances of prison life may require some restrictions on prisoners' exercise of their religious beliefs," requiring a court to "balance the prisoners' constitutionally protected interest in the free exercise of their religious beliefs against the state's legitimate interests in operating its prisons." *Id.* at 546.   In the context of religious meals, the Sixth Circuit has held that "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (internal quotation marks omitted).

The magistrate judge concluded that Defendants are entitled to qualified immunity because Plaintiffs fail to show that they have a clearly established right to receive 2,900 calories per day during Ramadan.  Plaintiffs do not contest this conclusion in their Objections.  However, Plaintiffs contend that the magistrate judge failed to consider that their claims concern the 2011 and 2012 Ramadan menus, which Plaintiffs allege only provided 1,000 to 1,500 calories per day.

The task of determining qualified immunity in this case is somewhat complicated by the vague nature of Plaintiffs' claims.  Given certain allegations in Plaintiffs' complaint, the magistrate judge reasonably concluded that Plaintiffs are alleging a constitutional right to 2,900 calories per day during Ramadan.  (Compl. ¶36.)  Similarly, Defendants argue that the law was not clearly established that a prisoner fasting for Ramadan is entitled to the same number of calories as general population prisoners. To the extent Plaintiffs' claims are based on such allegations, the Court agrees that Defendants are entitled to qualified immunity based on the absence of clearly established law supporting a

constitutional violation. Because Plaintiffs are pro se, however, the Court is obligated to construe their complaint liberally, *see Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 560, 585 (6th Cir. 2013), and doing so, the Court determines that Plaintiffs sufficiently allege that the 2011 and 2012 Ramadan menus violated their clearly established right to adequate nutrition while exercising their religious beliefs because the two meals served during that time provided only 1,000 to 1,500 calories per day.

The question thus becomes whether a reasonable prison official would have known that a diet consisting of only 1,000 to 1,500 calories per day was constitutionally inadequate.[2] The Court has found no case from the United States Supreme Court or the Sixth Circuit identifying a minimum number of calories that is constitutionally sufficient to maintain an inmate's health. In *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (per curiam), the Sixth Circuit affirmed the district court's finding that the defendants did not violate the Plaintiff's Eighth Amendment rights by serving him one meal per day for 15 consecutive days. The evidence, provided by the jail cook, was that the caloric content of the noon meals was between 2,000 and 2,500 calories. *Id.* at 566. In *Hudson-Bey v. Martin*, No. 1:00-CV-389 (W.D. Mich.) (5/23/02 Order & Partial J., dkt. # 51-1), Judge Enslen denied the defendant's motion for summary judgment on the plaintiff's claim that the defendants violated his Eighth Amendment rights by failing to provide him a sufficient diet during Ramadan. The defendant argued that the Ramadan meal provided 2,136 calories and was nutritionally sufficient. Judge Enslen concluded that summary judgment was improper because the MDOC policy provided that 2,900 calories was the "necessary caloric intake" for male inmates, and prisoners observing Ramadan were receiving 764 fewer calories, or 26.3 percent of the daily intake that MDOC itself recommended for male prisoners.[3] Judge Enslen

_____

[2] Defendants argue the following in their brief: "Having a reduction in calories should be expected. After all, that is what a fast entails." (Dkt. # 25 at Page ID 222.) This argument lacks merit and continues to ignore the nature of the Ramadan fast. As Plaintiffs point out in their complaint, the fast requires observants to refrain from partaking of food and liquid from sunset to sundown. (Dkt. # 1 ¶¶ 34–36.)

[3] In its July 8, 2013 Memorandum Opinion and Order Denying Plaintiffs' Motion for Preliminary Injunction (dkt. # 21), the Court noted that current MDOC policy does not specify a minimum caloric value. (*Id.* at 3.) It appears that a previous version of the applicable policy actually specified a 2,900 calorie intake.

also found that there were factual disputes with regard to whether the plaintiff actually received 2,136 calories and whether that number of calories was nutritionally sufficient. Finally, Judge Enslen concluded that the defendant was not entitled to qualified immunity because, although *Cunningham* arguably provided a prison official a reasonable basis to conclude that a diet of between 2,000-2,500 calories was constitutionally sufficient, there were factual disputes that rendered qualified immunity inappropriate.

Taking as true Plaintiffs' allegations that they received only between 1,000 and 1,500 calories per day during the 2011 and 2012 Ramadan fasts, the Court concludes that Defendants are not entitled to qualified immunity. As noted, Plaintiffs had a clearly established right to an adequate diet during Ramadan, and a reasonable prison official should have known that a diet consisting of only 1,000 to 1,500 calories per day—25 to 50 percent less than the low end of the range found to be sufficient in *Cunningham*—is not adequate to sustain normal health, especially for the thirty-day duration of the Ramadan fast. *Cf. Carter v. Wash. Dep't of Corr.*, No. C11-5626 RJB/KLS , 2013 WL 1090753, at *13 (W.D. Wash. Feb. 27, 2013) ("The record reflects that Defendants acted with the intent to provide Mr. Carter and other Ramadan participants with the proper nutrition and calories during Ramadan in 2010. They corrected the caloric values of the Ramadan meals to ensure that the goal of 2700 average calories was met.").

### 4.     Defendants Are Entitled to Dismissal of Plaintiffs' Eighth Amendment Claims

The magistrate judge recommended summary judgment on Plaintiffs' Eighth Amendment claims because the Court previously concluded that the MDOC's proposed 2013 Ramadan menu, consisting of between 2,350 and 2,594 calories per day, would be adequate. The magistrate judge also observed that this range of calories falls within the range set forth by the Sixth Circuit in *Cunningham*.

As noted above, Plaintiffs state that their claims concern the 2011 and 2012 Ramadan menus, which Plaintiffs allege provided substantially fewer calories than the 2013 menu. However, even

considering Plaintiffs' Eighth Amendment claims based on the 2011 and 2012 Ramadan menus, the Court concludes that Plaintiffs' Eighth Amendment claims must be dismissed. The Eighth Amendment prohibits, among other things, "deprivations of essential food, medical care, or sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981). In *Mobley v. Smith*, No. 4:05-cv-153, 2007 WL 1650934 (W.D. Mich. June 4, 2007), the plaintiff alleged that the defendants violated the Eighth Amendment by serving him regular meals instead of kosher meals for several weeks after he changed his religious preference from Muslim to Judaism. The court concluded that such allegations failed to establish an Eighth Amendment claim because the plaintiff was not denied food:

> [P]laintiff's complaint does not allege that he was denied food, or that [sic] even that he was denied wholesome or nutritionally adequate food. Instead, plaintiff alleges that he ate only fruits and vegetables solely because of his religious preference for a kosher diet. Although such an allegation might state a claim for violation of the First Amendment's free exercise clause, an allegation that a prisoner has elected not to consume the "whole meals" provided by the prison - solely and because of his religious preference - does not state a claim for violation of the Eighth Amendment.

*Id.* at 6. In the same vein, Plaintiffs in this case were not denied food. Plaintiffs do not allege that, had they elected not to participate in the Ramadan fast, they would have been denied the regular prison diet. Instead, as in *Mobley*, Plaintiffs were not denied a nutritionally-adequate diet required by the Eighth Amendment. Plaintiffs chose to eat from the Ramadan menu rather than the regular menu because of their religious practices. Thus, while Plaintiffs have sufficiently alleged a First Amendment claim, their allegations fail to establish an Eighth Amendment violation.[4]

## 5.    Plaintiffs' Request for Injunctive Relief Will be Dismissed

The Court concurs with the magistrate judge that Plaintiff's request for "a mandatory injunction requiring that Defendants accommodate Plaintiffs' request for adequate meals during Ramadan," (dkt. # 1 at Page ID 6), be dismissed. The Court previously addressed Plaintiff's request for injunctive relief

---

[4] In light of the dismissal of Plaintiffs' Eighth Amendment claims, the Court need not address whether Plaintiffs sufficiently alleged that Defendants Purves and Martin were personally involved in the alleged Eighth Amendment violations.

when it denied Plaintiffs' motion for an injunction but subsequently directed Defendants to provide Plaintiffs at least 2,350 calories during the 2013 Ramadan observance.  Because the 2013 Ramadan observance is now concluded, Plaintiffs' request for injunctive relief is moot.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 25, 2014 (dkt. # 56) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Summary Judgment (dkt # 24) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' motion is **granted** with regard to: (1) Plaintiffs' Eighth Amendment claims, which are dismissed with prejudice; (2) Plaintiffs' request for injunctive relief; and (3) Plaintiffs' claims against Defendants in their official capacities.  Defendants' motion is **denied** as to: (1) Defendants' arguments that Plaintiff Heard failed to exhaust his administrative remedies and that his claims are time-barred; (2) Defendants' assertion of qualified immunity from Plaintiffs' First Amendment claims; and (3) Defendants' request for dismissal of Plaintiffs' RLUIPA claim.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion For Summary Judgment (dkt. # 29) is **DENIED**.


Dated:  March 31, 2014                                   _____/s/ Gordon J. Quist_____
                                                                        GORDON J. QUIST
                                                                        UNITED STATES DISTRICT JUDGE