UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD, WILLIAM JOHNSON,
JAMERO T. MOSES, and
ANTHONY NELSON,

          Plaintiffs,

v.

TOM FINCO, *et al.*,

          Defendants.

_____/

Case No. 1:13-cv-373

Hon. Gordon J. Quist

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by four state prisoners pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. This matter is now before the court on a motion for partial summary judgment filed by defendants Thomas Finco, Michael Martin and Brad Purves (docket no. 75).[1]

### I.    Plaintiffs' complaint

The Court previously addressed the allegations in plaintiff's complaint. *See* Report and Recommendation (docket no. 56); Memorandum Order (docket no. 59). The Court will not re-state plaintiff's allegations other than to note that the complaint alleged that plaintiffs did not receive adequate calories during Ramadan 2011 and 2012 in violation of the First Amendment, Eighth AMendment and RLUIPA. *Id.* This matter is now before the Court on defendants' motion for

---

[1] This Report does not address plaintiffs' claims for injunctive relief related to Ramadan 2014, which is being handled separately. *See* Opinion and Order (docket nos. 104 and 105).

partial summary judgment because plaintiffs did not exhaust all of their claims with respect to Ramadan 2011 and Ramadan 2012.

## II.     Motion for partial summary judgment

### A.     Legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d  at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

2

## B.      Exhaustion requirement

The PLRA provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

3

The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### C. Ramadan 2011

### 1. Plaintiff Heard

In an affidavit, Richard D. Russell, Manager of the Grievance Section in the Office of Legal Affairs, Michigan Department of Corrections (MDOC), stated that the MDOC's Grievance Tracking database contains only one grievance filed by plaintiff Heard in 2011 which was exhausted through Step III. Russell Aff. (docket no. 76-2 at pp. ID## 778-85). That grievance, SRF 11-05-0717-15b ("717") involved a claim that staff at the Saginaw Correctional Facility (SRF) opened his legal mail in violation of MDOC policy. *Id.*; Grievance No. 717 (docket no. 76-2 at pp. ID## 786-91). There is no evidence that Heard properly exhausted a grievance regarding Ramadan 2011. In his response, Heard contends that because he filed grievances related to Ramadan 2010 at SRF and the Chippewa Correctional Facility, he did not have to renew his grievances with respect to Ramadan 2011. *See* Response (docket no. 85 at pp. ID## 857-58).[2] In short, Heard contends that

---

[2] The Court notes that Heard did not include copies of any 2010 grievances with his response.

his grievances filed in 2010 serve as perpetual grievances against all MDOC employees for claims related to future Ramadan meals, regardless of who is responsible for the meals, where Heard is incarcerated, or the consistency of the meal.  Heard's contention is without merit.  His claims in this action arise from a particular instance of alleged wrongdoing, i.e., individual MDOC defendants did not provide sufficient calories in the meals served to him during Ramadan 2011.  If Heard wanted to dispute the adequacy of these meals on constitutional and statutory grounds, then he was required to file a grievance in 2011 addressing the meals, which named the particular MDOC employees who were responsible, the date of the occurrence and the nature of the alleged wrongful act.  Policy Directive 03.02.130 ¶ R; *Siggers v. Campbell*, 652 F.3d 681, 691-93 (6th Cir. 2011) (under Michigan's grievance scheme, a prisoner has to file separate grievances for discrete events). Accordingly, defendants are entitled to summary judgment with respect to Heard's claims related to Ramadan 2011.

### 2.      Plaintiff Johnson

In a separate affidavit, Richard D. Russell stated that the MDOC's Grievance Tracking database contains no grievances filed by plaintiff Johnson in 2011 which he exhausted through Step III.  Russell Aff. (docket no. 76-3 at pp. ID## 793-98).  In sum, there is no evidence that Johnson properly exhausted a grievance regarding Ramadan 2011.  Furthermore, in his response, Johnson admitted that he did not exhaust a 2011 Ramadan grievance against defendants. *See* Response (docket no. 85 at p. ID# 857).  Accordingly, defendants are entitled to summary judgment with respect to Johnson's claims related to Ramadan 2011.

### 3.      Plaintiff Moses

In a separate affidavit, Richard D. Russell stated that the MDOC's Grievance Tracking database contains no grievances filed by plaintiff Moses in 2011 which he exhausted through Step III. Russell Aff. (docket no. 76-4 at pp. ID## 800-04). Since there is no evidence that Moses properly exhausted a grievance regarding Ramadan 2011;[3] defendants are also entitled to summary judgment with respect to Moses' claims related to Ramadan 2011.

### 4.      Plaintiff Nelson

In a separate affidavit, Richard D. Russell stated that the MDOC's Grievance Tracking database contains one grievance, SRF 2011-09-1270-09A ("1270"), filed by plaintiff Nelson regarding Ramadan 2011. Russell Aff. (docket no. 76-5 at pp. ID## 806-16). While Nelson exhausted grievance no. 1270 through Step III, this grievance did not name any of the defendants in this action. *Id.* Moreover, Russell stated in his affidavit that Nelson did not exhaust any other grievances through Step III from May 2009 through April 22, 2014. *Id.* Thus, there is no evidence that Nelson properly exhausted a grievance against defendants regarding Ramadan 2011.[4] Accordingly, defendants are entitled to summary judgment with respect to Nelson's claims related to Ramadan 2011.

---

[3] The Court notes that in a response to defendants' motion filed by plaintiffs Heard and Johnson, those two plaintiffs "admit" that plaintiff Moses did not exhaust a grievance against defendants regarding Ramadan 2011. *See* Response (docket no. 85 at p. ID# 857). However, because Moses did not join in this response, and neither Heard nor Johnson represent him in this matter, this alleged admission is irrelevant. *See* Order (docket no. 161) (the *pro se* plaintiffs in this action are not attorneys and cannot file papers on behalf of each other).

[4] The Court notes that Heard and Johnson also provided a response on behalf of plaintiff Nelson, claiming that Nelson properly exhausted a grievance against defendants regarding Ramadan 2011. *See* Response (docket no. 85 at pp. ID## 858-59). Since Nelson did not join in this response, and neither Heard nor Johnson represent him in this matter, this alleged response is irrelevant. *See* Order (docket no. 161).

D.      **Ramadan 2012**

1.      **Plaintiffs Heard, Johnson and Moses**

Defendants concede that plaintiffs Heard, Johnson and Moses exhausted their administrative remedies as to Ramadan 2012.  Defendants' Brief (docket no. 76 at p. ID# 774).

2.      **Plaintiff Nelson**

As discussed in § II.C.4., there is no evidence that plaintiff Nelson filed a grievance through Step III during 2012.  Accordingly, defendants are entitled to summary judgment with respect to Nelson's claims related to Ramadan 2012.[5]

III.    **Recommendation**

For the reasons set forth above, I respectfully recommend that defendants' motion for partial summary judgment (docket no. 75) be **GRANTED** as to all of plaintiffs' claims arising from Ramadan 2011 and as to plaintiff Nelson's claims arising from Ramadan 2012.

---

[5] T The Court notes that Heard and Johnson also provided a response on behalf of plaintiff Nelson, claiming that Nelson properly exhausted a grievance against defendants regarding Ramadan 2012.  *See* Response (docket no. 85 at pp. ID## 859-60).  However, because Nelson did not join in this response, and neither Heard nor Johnson represent him in this matter, this alleged response is irrelevant.  *See* Order (docket no. 161).

I further recommend that plaintiff Nelson be **DISMISSED** from this action and that this action proceed only as to plaintiffs Heard, Johnson and Moses' claims arising from Ramadan 2012.


Dated:  March 27, 2015                    /s/ Hugh W. Brenneman, Jr.
                                          HUGH W. BRENNEMAN, JR.
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).