UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LAMONT HEARD, et al.,

        Plaintiffs,

v.                                                 Case No. 1:13-CV-373

TOM FINCO, et al.,                        HON. GORDON J. QUIST

        Defendants.
_____/

### ORDER ADOPTING IN PART AND REJECTING IN
### IN PART 3/27/15 REPORT AND RECOMMENDATION

On March 27, 2015, Magistrate Judge Hugh Brenneman issued a Report and Recommendation (R & R) recommending that the Court grant Defendants' motion for partial summary judgment based on lack of exhaustion. In particular, the magistrate judge recommended that the Court dismiss all Plaintiffs' Ramadan 2011 claims and Plaintiff Nelson's Ramadan 2012 claim for lack of exhaustion.

With regard to Plaintiff Heard's Ramadan 2011 claim, the magistrate judge rejected Heard's argument that his 2010 grievance concerning Ramadan 2010 also exhausted his Ramadan 2011 claim. (R & R at 4–5.) With regard to Plaintiff Johnson, the magistrate judge noted that Defendants established that Johnson failed to exhaust a grievance for Ramadan 2011, and Johnson admitted such fact. Plaintiffs Moses and Nelson were in a different position than Plaintiffs Heard and Johnson because Moses and Nelson had not signed the response. (Dkt. # 85 at Page ID#860.) Therefore, the magistrate judge refused to consider the statements that Plaintiffs Heard and Johnson made on behalf of Plaintiffs Moses and Nelson. (R & R at 6 nn. 3, 4.) The magistrate judge found that Moses failed to exhaust a grievance for Ramadan 2011 and that, while Nelson exhausted a grievance through Step III for Ramadan 2011, he did not name any Defendant in this action in his grievance. (*Id.*)

Finally, with regard to Ramadan 2012, the magistrate judge concluded that Plaintiffs Heard, Johnson, and Moses had exhausted their claims, but Plaintiff Nelson did not exhaust his claim.

In response to the R & R, Plaintiffs have filed a motion pursuant to Federal Rules of Civil Procedure 11(a) and 15(c) to resubmit their response to Defendant's motion for partial summary judgment, which all Plaintiffs have now signed. In addition, all Plaintiffs have signed and submitted a partial Objection to the R & R. Finally, Plaintiff Nelson has filed his own Objection to the R & R with regard to his Ramadan 2011 claim.

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Plaintiffs' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part. In addition, the Court will grant Plaintiffs' motion to resubmit their fully-signed response to Defendants' motion for partial summary judgment.

*Plaintiffs' Motion to Resubmit Their Response*

Having reviewed Plaintiffs' motion to resubmit their response to Defendants' motion for partial summary judgment, that is now signed by all Plaintiffs, the Court concludes that the motion should be granted. In their response, Plaintiffs concede that Plaintiffs Johnson and Moses did not exhaust a grievance through Step III for Ramadan 2011 and that such claims should be dismissed. Therefore, Johnson's and Moses's Ramadan 2011 claims will be dismissed.

*Plaintiffs' Objections*

I.     **Ramadan 2011—Plaintiff Heard**

Plaintiff Heard contends that, although he did not exhaust a grievance for Ramadan 2011, the magistrate judge erred in concluding that Heard's grievance for Ramadan 2010 did not exhaust his claim

for Ramadan 2011. The magistrate judge concluded that Heard's Ramadan 2010 grievance could not have exhausted his claim for Ramadan 2011 because the violation that occurred during Ramadan 2011 was a discrete event that required Heard to identify the particular MDOC employees responsible for the violation, the date of the occurrence, and the alleged wrongful conduct. Heard contends that the 2011 Ramadan violation resulted from a continuation of the same policy (providing Ramadan observants significantly fewer calories than what they received on the regular diet) that caused the violation for Ramadan 2010. Heard thus contends that because the Ramadan 2011 violation resulted from the application of the same unconstitutional policy, he was not required to file a new grievance. In support of his contention, Heard relies on *Ellis v. Vadlamudi*, 568 F. Supp. 2d 778 (E.D. Mich. 2008), and *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004), both of which the Sixth Circuit discussed in *Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011).

In *Siggers*, the plaintiff alleged that the defendants violated his First Amendment rights by improperly rejecting his incoming mail on several occasions. The Sixth Circuit held that the plaintiff's filing of a single September 16, 2006 grievance was insufficient to exhaust claims relating to several previous mail rejections that occurred many months before the grievance was filed and that the grievance was also insufficient to exhaust mail rejections that occurred after the plaintiff filed the grievance. *Siggers*, 652 F.3d at 690. Citing both *Ellis* and *Johnson*, the plaintiff argued that his grievance put the defendants on notice of a continuing violation. The Sixth Circuit distinguished both cases. It noted that the plaintiff in *Ellis* complained of the defendants' deliberate indifference in failing to treat his chronic medical condition that caused pain, and that the defendants' alleged failure to treat the plaintiff's "ongoing medical condition" was not "one discrete harm-causing act by the government." *Id.* at 692–93. In contrast to *Ellis*, the Sixth Circuit said that each of the mail rejections of which Siggers complained was a discrete event that required a separate grievance. *Id.* at 693. The Sixth Circuit noted

3

that the Fifth Circuit's decision in *Johnson* was distinguishable because the plaintiff in that case alleged that the defendants failed to protect him from repeated sexual assaults that occurred over the course of eighteen months.  The Sixth Circuit noted that the plaintiff in *Johnson* complained of a single government failure (to protect the plaintiff) and that his grievance "properly sufficed to exhaust subsequent harms because the government was put on notice of its failure, and any subsequent grievance filed would have complained of the exact same government failing." *Id.*  The Sixth Circuit found that the subsequent violations that Siggers alleged were not based on a single government failure, because two of the three subsequent violations were based on different MDOC policy directives than the violation alleged in the plaintiff's sole grievance. *Id.*

In the Court's judgment, Plaintiffs' claims in this case are not based on discrete events, but instead upon Defendants' alleged policy of providing Ramadan observers significantly fewer calories in the Ramadan diet than they would have received in the regular diet.  In other words, as the Court understands Plaintiffs' claims, the injury they claim resulted from an MDOC-wide policy that significantly reduced the calories that Ramadan observers received rather than from discrete deviations that occurred from prison to prison.  This fact renders the instant case more like *Johnson* rather than *Siggers*, because Plaintiffs' claims for each Ramadan celebration arise from "a single government failure." *Siggers*, 652 F.3d at 693; *see also Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies, prisoners need not file multiple, successive grievances raising the same issue (such as prison conditions or policies) if the objectionable condition is continuing.").

Although the Court disagrees with the magistrate judge that Heard's 2010 grievance could not have exhausted his 2011 claim, the Court nonetheless concludes that the magistrate judge did not err in recommending dismissal.  As the party opposing Defendants' motion for partial summary judgment, Heard was obligated to produce evidence showing that he actually exhausted a grievance for Ramadan

2010. *See Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (noting that after the moving party carries its initial burden on summary judgment, "[t]he burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue [of material fact]."). Heard failed to attach copies of his 2010 grievance through Step III to Plaintiffs' initial response, to Plaintiffs' motion to resubmit their response, or to Plaintiffs' partial Objection. Moreover, although not obligated to do so, the Court searched the record for evidence pertaining to Heard's 2010 grievance, but it found no such evidence. Accordingly, Heard failed to meet his burden of demonstrating a genuine issue of material fact that he exhausted his Ramadan 2011 claim.

## II.     Ramadan 2011 and 2012—Plaintiff Nelson

Plaintiff Nelson contends that the magistrate judge erred in concluding that Nelson failed to exhaust his claims for Ramadan 2011 and 2012. The Court agrees.

With regard to Ramadan 2011, the magistrate judge noted that while Nelson did exhaust a grievance through Step III for Ramadan 2013, he did not name any Defendant in this case in the grievance. While such failure would normally be a basis for concluding that the prison failed to properly exhaust his claim, Nelson notes that prison officials addressed his grievance through all steps without enforcing the rule requiring the grievant to identify the individuals involved in the issue. As the Sixth Circuit has observed, "[w]hen prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010). Thus, because the MDOC failed to enforce its own rules in considering Nelson's grievance and instead ruled on the merits, Defendants may not now claim that Nelson failed to properly exhaust.

Following Heard's lead, Nelson argues that his 2011 grievance properly exhausted his 2012 Ramadan claim. For the reasons set forth above, the Court concludes that a grievance for Ramadan

2011 would exhaust a claim for Ramadan 2012.  In contrast to Heard, however, Nelson has attached copies of his 2011 grievance to Plaintiffs' partial Objection.  Therefore, Nelson has carried his burden of producing evidence that he actually exhausted his Ramadan 2011 claim.  Therefore, Nelson's Ramadan 2012 claim may proceed.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued March 27, 2015 (dkt. # 181) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Partial Summary Judgment (dkt # 75) is **GRANTED IN PART AND DENIED IN PART**.  Defendants' motion is **granted** with regard to Plaintiffs Heard's, Moses's, and Johnson's claims based on Ramadan 2011.  The motion is **denied** with regard to Plaintiff Nelson's claims for Ramadan 2011 and 2012.  Therefore, the case will proceed on Plaintiff Nelson's Ramadan 2011 claim and on Plaintiff Heard's Moses's, Johnson's, and Nelson's claims for Ramadan 2012.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Re-Submit Signed Plaintiffs' Response Partially Opposing Motion for Partial Summary Judgment (dkt. # 188) is **GRANTED**.

Dated:  June 26, 2015  　　　　　　　　　　　　/s/ Gordon J. Quist  
　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST  
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE