UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LAMONT HEARD, et al.,

        Plaintiffs,

v.                                          Case No. 1:13-CV-373

TOM FINCO, et al.,                  HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING IN PART AND REJECTING IN IN PART 11/04/2016 REPORT AND RECOMMENDATION

Plaintiffs and Defendants have filed Objections to Magistrate Judge Ray Kent's November 4, 2016, Report and Recommendation (R & R), which addressed Plaintiffs' motion for summary judgment against Defendants Finco and Purves on Plaintiffs' First and Eighth Amendment claims for Ramadan 2011 and 2012, and Defendants' motion for summary judgment on Plaintiffs' claims based on Ramadan 2013 and 2014. The magistrate judge recommended that the Court: (1) deny Plaintiffs' motion as to both the First and Eighth Amendment claims for 2011 and 2012 because issues of fact remain "with respect to each plaintiff's daily caloric content, the duration of the diet, and their nutritional needs during that time" (ECF No. 302 at PageID.2392); (2) deny Defendants' motion as to the First and Eighth Amendment claims for Ramadan 2013 and 2014 based on qualified immunity because issues of fact remain as to the amount of calories Plaintiffs received in 2013 and 2014 (*id.* at PageID.2395); (3) grant Defendants' motion as to Plaintiffs' equal protection claim (*id.* at PageID.2399-2400); (4) grant Defendants' motion as to Plaintiffs' 2014 Ramadan claims against Defendant Purves based on Purves' lack of personal involvement (*id.* at PageID. 2401–02); and (5) deny Defendants' motion with regard to Plaintiffs' Ramadan 2013 conspiracy claim, but grant the motion with regard to the 2014 Ramadan conspiracy claim (*id.* at PageID.2402–03).

Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the parties' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part. The Court will reject the R & R with regard to its recommendation that Defendants are not entitlement to qualified immunity on Plaintiffs' First and Eighth Amendment claims for Ramadan 2013 and 2014 and with regard to its recommendation to deny summary judgment on Plaintiffs' Ramadan 2013 conspiracy claim.[1] The Court will adopt the R & R in all other respects.

## *Plaintiffs' Objections*

Plaintiffs argue that the magistrate judge erred in his analysis of their First and Eighth Amendment claims for Ramadan 2011 and 2012. First, Plaintiffs argue that the magistrate judge failed to properly analyze their First Amendment claims that the amount of calories they were provided during 2011 and 2012 diminished the spiritual experience they otherwise would have had if Defendants had served them the full amount of calories they would have received had they not participated in Ramadan. Plaintiffs note that they presented evidence of the effects that the reduced calories had on their health during the month of Ramadan, and Defendants failed to provide any evidence to rebut Plaintiffs' evidence. Plaintiffs argue that such evidence shows that the substantial reduction of calories in both years substantially burdened their exercise of their religion. Regarding their Eighth Amendment claims, Plaintiffs argue that the magistrate judge's analysis is contrary to case law, the established facts in the

---

[1] Defendants brought their motion as a motion for summary judgment under Fed. R. Civ. P. 56. However, their argument concerning the conspiracy claim was based on the sufficiency of Plaintiffs' complaint, under the *Twombly* pleading standard.

record, and previous rulings by this Court. In spite of Plaintiffs' Objections, the Court concurs with the magistrate judge's analysis.

"'[W]here the moving party has the burden—the plaintiff on a claim for relief or defendant on an affirmative defense—*his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.*'" *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487–88 (1984) (emphasis in original)). "[I]f the moving party also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is 'higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (quoting 11 James Wm. Moore, et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000)).

As for Plaintiffs' First Amendment claim, in *Welch v. Spaulding*, 627 F. App'x 479 (6th Cir. 2015), the Sixth Circuit said that the plaintiff, who alleged receiving only 1300 calories per day during Ramadan, "had a clearly established right to a nutritious diet during Ramadan." *Id.* at 483. The court declined to define nutritional adequacy in terms of calories, however, holding instead that whether a prisoner received a nutritionally-adequate diet "is a fact-specific inquiry that requires consideration of, inter alia, daily caloric content, duration of the diet, and the nutritional needs of the prisoner." *Id.* As the magistrate judge noted in the instant case, Defendants provided evidence that the caloric content of the Ramadan diet for 2011 ranged from 1,767 to 1,810 calories per day, and that the caloric content of the Ramadan diet for 2012 averaged 1,756 calories per day, (ECF No. 294-5 at PageID.2323)—substantially below the average 2,600 calories the regular general population diet provides. However, Defendants also provided evidence that 1,800 calories per day would be sufficient

"for many prisoners to be on for 30 days," and that "[m]ost people eating [an average of 1,756 calories per day for 28-30 days] would not be harmed by it." (ECF No. 294-6 at PageID.2326.) Although Plaintiffs allege that they suffered adverse effects from this reduction of calories during Ramadan, in light of Defendants' evidence, the Court cannot conclude that Plaintiffs have met their burden of showing that no reasonable trier of fact could find other than for Plaintiffs. In fact, in its Order rejecting Defendants' interlocutory appeal in this case, the Sixth Circuit said that "it is clear that a diet consisting of 1,000 to 1,500 calories per day *can* violate [the] right [to a nutritionally adequate diet." (ECF No. 229 at PageID.1921.) Thus, contrary to Plaintiffs' argument, whether Plaintiffs were provided adequate nutrition during Ramadan 2011 and 2012 remains an issue for the jury.

As for Plaintiffs' Eighth Amendment claim, Plaintiffs's argument that the Court has previously determined that Plaintiffs need an average of 2,350 calories during the month of Ramadan is inaccurate. As the Court will explain in more detail below, the Court's orders regarding Defendants' proposed diets providing 2,350 calories per day did not purport to set a minimum number of calories that Ramadan observants require. Thus, for the reasons stated above, genuine issues of material fact remain as to Plaintiffs' Eighth Amendment claims.

### *Defendants' Objections*

Defendants argue that the magistrate judge erred in concluding that they are not entitled to qualified immunity on Plaintiffs' claims based on Ramadan 2013 and 2014. The Court agrees. "The doctrine of qualified immunity shields government officials performing discretionary functions from civil liability for damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Baynes v. Cleland*, 799 F.3d 600, 609 (6th Cir. 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982)). A right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable

official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987). Although the Supreme Court has recognized that the Eighth Amendment requires prison officials to provide prisoners "humane conditions of confinement," including adequate food, *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976 (1994), neither the Supreme Court nor the Sixth Circuit have specified a minimum number of calories required for a nutritionally-adequate diet. *See Welch*, 627 F. App'x at 482. However, in *Cunningham v. Jones*, 667 F.2d 565 (6th Cir. 1982) (per curiam), the Sixth Circuit affirmed a district court's finding that a daily diet of 2,000 to 2,500 calories for fifteen days sufficed to maintain normal health.

On July 8, 2013, this Court entered an order denying Plaintiffs' motion for a preliminary injunction to require Defendants to provide Plaintiffs 2,900 calories per day during Ramadan 2013. (ECF No. 21.) The Court denied the motion, in part, because Defendants represented that the 2013 Ramadan diet would provide a daily caloric content ranging from 2,350 to 2,594 calories, which would not pose a risk to healthy, moderately active males. (*Id.* at PageID.179.) On July 10, 2013, the Court issued an Order of Clarification (ECF No. 22), in which it notified Defendants that, per their representations, they would be required to provide Plaintiffs at least 2,350 calories per day during the 2013 Ramadan observance. Subsequently, on April 29, 2014, the Court entered an Order of Contempt holding Defendants in contempt for providing Plaintiffs fewer than 2,350 calories each day during Ramadan 2013. (ECF No. 70.) In an Opinion entered on June 27, 2014, the Court explained that it issued the April 29, 2014 Order of Contempt, even though Defendants represented that they provided an average of 2,361 calories per day during Ramadan 2013, because Defendants had represented that they would provide a minimum of 2,350 calories each day, and Defendants' use of an average number of calories meant that, on some days, Plaintiffs were receiving several hundred fewer calories, *i.e.*, 2,148 calories. (ECF No. 104 at PageID.996; *see also* ECF No. 58 at PageID.698.) In the same Opinion and

accompanying Order, however, the Court also concluded that provision of an average of 2,350 calories per day during Ramadan 2014 would not harm Ramadan observants because the practice of providing a diet that varied in calories each day was "consistent with sound nutritional practices." (ECF No. 104 at PageID.996.) To ensure that Plaintiffs received the calories Defendants said they would provide, the Court ordered Defendants to file sworn statements on a weekly basis verifying that the food items listed on the 2014 Ramadan menu were actually served. (*Id.* at PageID.997.) Finally, on May 4, 2015, the Court issued a second contempt order, concluding that, contrary to the affidavits Defendants submitted, Plaintiffs submitted credible evidence (favorable grievance findings) that they had not been given various food items. (ECF No. 191.)

The magistrate judge concluded that an issue of fact remains as to whether Plaintiffs received sufficient calories for Ramadan 2013 and 2014. The magistrate judge found that Defendants could not rely on the 2,350 daily calories listed in the Court's Order of Clarification because Defendants' own evidence did not establish that Defendants provided at least 2,350 calories each day. (ECF No. 302 at PageID.2396–97.) However, the magistrate judge may have overlooked this Court's June 27, 2014 Opinion and Order approving Defendants' request to provide an average of 2,350 calories per day for Ramadan 2014. (ECF Nos. 104, 105.) Had Defendants made the same request for Ramadan 2013, the Court likely would have approved it.

In 2013 and 2014, it was not clearly established that 2,350 calories or more per day, or even an average of 2,350 calories per day, was required for prisoners fasting for the 28–30 days of Ramadan to maintain normal health. There was scant case law from the Sixth Circuit, and *Cunningham v. Jones*, 667 F.3d 565 (6th Cir. 1982) (per curiam), one of the most cited cases on the issue, said that between 2,000 and 2,500 calories per day for 15 days did not violate the Eighth Amendment. Although Plaintiffs dispute that they actually received all the calories in 2013 and 2014 that Defendants said they would

provide, it is undisputed that Defendants created Ramadan diets for 2013 to provide an average of 2,350 calories per day. Moreover, it appears that any shortage of food items occurred because or errors or mismanagement at the local facility level and not because the MDOC's Ramadan diet was inadequate. In any event, there is no indication that Plaintiffs received substantially less than a daily average of 2,350 calories in either 2013 or 2014 or that such average fell below the 2,000 calorie floor cited in *Cunningham*.

Accordingly, the Court concludes that Defendants are entitled to summary judgment based on qualified immunity on Plaintiffs' First and Eighth Amendment claims for Ramadan 2013 and 2014. In addition, because the Court concludes that Defendants are entitled to qualified immunity on Plaintiffs' claims based on Ramadan 2013 and 2014, Plaintiffs' conspiracy claims fail as a matter of law. *See Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995) (concluding that the plaintiff's "conspiracy claim [wa]s not actionable" because all of the defendants were entitled to qualified immunity on the plaintiff's First Amendment claim); *Dorlett v. Butkiewicus*, No. 11-cv-1461 (TLM), 2013 WL 4760943, at *17 (D. Conn. Sept. 4, 2013) ("The Court will . . . grant summary judgment against Plaintiff *sua sponte* on his conspiracy claim and dismiss that claim . . . as the Court has dismissed all of the underlying § 1983 claims upon which the conspiracy claim is based.").

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued November 4, 2016 (ECF No. 302) is **ADOPTED IN PART AND REJECTED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 281) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion For Partial Summary Judgment (ECF No. 288) is **GRANTED**.  Plaintiffs' claims based on Ramadan 2013 and 2014 are **DISMISSED WITH PREJUDICE**.

The case will continue on Plaintiffs' First and Eighth Amendment claims based on Ramadan 2011 and 2012.


Dated:  February 16, 2017                          /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE