UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD #252329,
WILLIAM JOHNSON #235820,
JAMERO MOSES #231885, and
ANTHONY NELSON #210771,

    Plaintiffs,

v.

BRAD PURVES,

    Defendant.
_____/

Case No. 1:13-CV-373

HON. GORDON J. QUIST

## MEMORANDUM AND ORDER DENYING DEFENDANT PURVES'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Brad Purves, an employee of the Michigan Department of Corrections (MDOC), was sued by four inmates who claimed that they were not given enough calories during the Ramadan fasting period in 2011 and 2012. Instead of receiving the reasonable, policy-mandated 2,600 calories per day, Plaintiffs received approximately 1,600 per day for the 29 to 30 days of Ramadan. According to Plaintiffs, the lack of calories hindered an important part of their religious observances and resulted in adverse effects to their health. At the commencement of the trial, there were two Defendants—Thomas Finco and Brad Purves—who were the MDOC Deputy Director and the MDOC Food Services Manager, respectively, at the times relevant to Plaintiffs' claims.

The jury trial lasted three days. Plaintiffs provided evidence that their Islamic faith was sincerely held; that the celebration of Ramadan constituted a pillar of that faith; that fasting for Ramadan did not entail foregoing calories, but rather abstaining from eating or drinking during the daylight hours; that the calories they received from the MDOC varied but were approximately

1,600 per day during the month of Ramadan; that the calories they were receiving were insufficient to maintain good health; and that each of them suffered adverse health effects from the lack of calories.

At the conclusion of Plaintiffs' proofs, Defendants moved for judgment as a matter of law pursuant to Fed. R. Civ. P. 50. The Court took the motion under advisement. At the conclusion of the trial, Defendants again moved for judgment pursuant to Rule 50. Upon agreement of the parties, Defendant Finco was dismissed from the case thereby leaving Defendant Purves as the sole defendant. The jury returned verdicts in favor of each Plaintiff and against Defendant Purves totaling $3,900, consisting of $150 of actual damages and $500 of punitive damages per Plaintiff for each month of Ramadan included in the claims. Defendant Purves orally renewed his motion for judgment as a matter of law after hearing the jury verdict.

Defendant Purves agreed to all of the jury instructions, and the Court finds that there was sufficient evidence from which a reasonable jury could find for each Plaintiff. The sole argument that Defendant Purves advances to support the decision to give Plaintiffs fewer calories than the general prison population was that the reduced calorie menu was approved by a committee that included a Muslim. In other words, he claims that he was simply following the advice of a committee and was not personally responsible.

Based on the evidence introduced by Plaintiffs, Defendant Purves was directly in charge of the menus and instructions for inmates participating in Ramadan. Plaintiffs' Trial Exhibit 1 was a grievance that Plaintiff Heard filed during Ramadan 2012 requesting that the MDOC provide the full calories dictated by MDOC policy. Patricia Popoff responded to the grievance, stating that Defendant Purves was the individual who "provided instructions and menus for use during

2

Ramadan." Additionally, in Popoff's response to the grievance, she stated that Defendant Purves provided the following response:

> Fasting is primarily the act of willingly abstaining from some or all food, drink, or both, for a period of time.
>
> In this instance the Ramadan Fast is a matter of personal choice where no food or drink is permitted between dawn and sunset according to Islamic teachings, and such results in not receiving the lunch meal.
>
> Religious menus shall be developed and religious meals provided as set forth in PD 05.03.150 "Religious Beliefs and Practices of Prisoners." Ramadan falls under Policy Directive 04.07.100 "Offender Meals", Paragraph D which states, "Offenders shall be permitted to abstain from any foods that violate their religious tenents." Those offenders choosing to participate in Ramadan are choosing to abstain from the regular Statewide menu and therefore, are not receiving the same nutritional content because of fasting.

Popoff's deposition testimony introduced at trial stated that she copied the above response from an email she had received from Defendant Purves and pasted that response into the written response to Plaintiff Heard's grievance. In this Court's judgment, Popoff's deposition testimony that she received this response from Defendant Purves and the content of the response were sufficient to deny Defendant Purves's motion at the conclusion of Plaintiffs' proofs.

During Defendants' presentation of evidence, both Defendant Finco and Defendant Purves testified. Defendant Purves stated that he never sent an email to Popoff with the response that Popoff claims to have quoted. However, "[t]he actual resolution of the conflicting evidence, the credibility of witnesses, and the plausibility of competing explanations is exactly the task to be performed by a rational jury," *Matthews v. Abramajtys*, 319 F.3d 780, 790 (6th Cir. 2003), and thus the jury was free to believe Popoff's testimony over that of Defendant Purves. Furthermore, Defendant Finco testified that he entrusted the menus for Ramadan to Defendant Purves; that he never approved of any reduction in calories for inmates participating in Ramadan; and that the participating inmates were entitled to 2,600 calories per day pursuant to MDOC policy. It was

also clear that 2,600 calories per day could have been provided to inmates participating in Ramadan—the MDOC had provided 2,600 calories per day for years until about 2009.

The jury was properly instructed that personal involvement was required to find in favor of Plaintiffs on a Section 1983 claim. The Court instructed the jury as follows:

> This is not a case against the Michigan Department of Corrections. Instead, Plaintiffs' claims are against the Defendant individually.
> In order for a government actor to be liable for a constitutional violation, a plaintiff must show that the government-official defendant violated the Constitution through his own individual actions. It is not enough that the official's subordinate committed a constitutional violation. Instead, a government official may be held liable for the acts of his subordinates only if the official implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

"The Court presumes that the jury followed its instructions," *Kansas v. Carr*, 136 S. Ct. 633, 636, (2016), and Defendant Purves has not rebutted that presumption.

For these reasons, **IT IS HEREBY ORDERED** that Purves's motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 are **DENIED**. Judgment will be entered in favor of Plaintiffs and against Defendant Purves as set forth in the jury verdict form.

A separate judgment will enter.


Dated: October 11, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE