UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMONT HEARD #252329, et al.,

    Plaintiffs,

v.                                    Case No.1:13-CV-373

BRAD PURVES,                         HON. GORDON J. QUIST

    Defendant.
_____/

## MEMORANDUM ORDER GRANTING
## IN PART PLAINTIFFS' PETITION FOR EXPENSES

On October 4, 2018, following a three-day trial, a jury returned verdicts for Plaintiffs on their First and Eighth Amendment claims, awarding each Plaintiff $150 in compensatory damages and $500 in punitive damages for each Ramadan observance at issue, for a total of $650 per violation. In other words, Plaintiffs Heard and Nelson were awarded a total of $1,300 each for the Ramadan 2011 and 2012 violations, and Plaintiffs Moses and Johnson were awarded $650 each for the Ramadan 2012 violations. The Court denied Defendant Purves's motion for judgment as a matter of law and entered a final Judgment (ECF Nos. 350 and 351) on October 11, 2018.[1]

On November 7, 2018, the Court denied Plaintiffs' motion for a new trial on damages. (ECF No. 356.) Thereafter, Plaintiffs filed a Petition for Expenses (ECF No. 362), in which they seek to recover, pursuant to 42 U.S.C. § 1988(b), expenses they incurred while proceeding *pro se* and expenses their counsel incurred following appointment. Defendants filed a response, in which they assert that Plaintiffs are entitled to recover most, but not all, of the expenses they seek. (ECF No.

---

[1]Plaintiffs have appealed the Judgment to the Sixth Circuit.

366.) Plaintiffs filed a reply, arguing that they are entitled to the full amount of their request. (ECF No. 369.)

In their Petition, Plaintiffs seek to recover the following amounts; (1) $6,117.84 incurred by their counsel—the Michigan State University College of Law Clinic—for expenses incurred through trial; (2) $410.80 in costs and expenses incurred by Plaintiff Nelson acting *pro se*, including $87.50 for one-quarter of the filing fee, $66.00 for postage, copies, and notary services, and $257.30 for supplies and other expenses; (3) $122.50 in costs and expenses that Plaintiff Johnson incurred, including $87.50 for the filing fee, and $35.00 for copies and postage; and (4) $87.50 each for Plaintiffs Moses and Heard for their respective portions of the filing fee.

### *Pertinent Court Rules and Statutes*

Several court rules and statutes inform the Court's analysis. First, Federal Rule of Civil Procedure 54(d) provides, in relevant part:

> **(d) Costs; Attorney's Fees.**
>   (1) ***Costs Other Than Attorney's Fees.*** Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . .
>   (2) ***Attorney's Fees***.
>     (A) *Claim to Be by Motion*. A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages.
>       . . . .

Fed. R. Civ. P. 54(d).

Next, items that qualify as taxable costs are set forth in 28 U.S.C. § 1920:

> A judge or clerk of any court of the United States may tax as costs the following:
>   (1) Fees of the clerk and marshal;
>   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>   (3) Fees and disbursements for printing and witnesses;
>   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

>    (5) Docket fees under section 1923 of this title;
>    (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>    A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

Next, 42 U.S.C. § 1988(b), which authorizes awards of attorney's fees in a variety of civil rights cases, including those brought pursuant to 42 U.S.C. § 1983, provides, in relevant part, "[i]n any action or proceeding to enforce a provision of section[] . . . 1983, . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ."

Finally, a provision of the Prisoner Litigation Reform Act provides that "[w]henever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant." 42 U.S.C. § 1997e(d)(2).

In applying these provisions, the Court employs the rule of *pari materia*: "a legislative body generally uses a particular word with a consistent meaning in a given context." *Erlenbaugh v. United States*, 409 U.S. 239, 243, 93 S. Ct. 477, 480 (1972). This rule applies with particular force to the terms "costs" and "attorney's fees." In court rules and federal statutes, "costs" is "a term of art," and § 1920 sets forth the "list of otherwise recoverable costs." *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297–98, 126 S. Ct. 2455, 2459–60 (2006). In other words, recoverable "costs" are generally limited to those items enumerated in § 1920. Section 1988(b), like other federal fee-shifting statutes, expands the list of costs that may be awarded by granting courts discretion to award "a reasonable attorney's fee as part of the costs." "This language simply adds reasonable attorney's fees incurred by prevailing [parties] to the list of costs that prevailing [parties]

are otherwise entitled to recover." *Id.* at 297, 126 S. Ct. at 2460 (interpreting attorney's fee provision of the Individuals with Disabilities Education Act providing that a court may award reasonable attorney's fees "as part of the costs").

In *Northcross v. Board of Education*, 611 F.2d 624 (6th Cir. 1979), the Sixth Circuit discussed the difference between taxable costs, specified in § 1920, and other expenses that may be recoverable in some cases:

> There are two separate sources of authority to award out-of-pocket expenses. Some expenses are included in the concept of attorney's fees, as "incidental and necessary expenses incurred in furnishing effective and competent representation," and thus are authorized by section 1988. The authority granted in section 1988 to award a "reasonable attorney's fee" included the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services. Reasonable photocopying, paralegal expenses, and travel and telephone costs are thus recoverable pursuant to the statutory authority of § 1988.
>
> Other costs are on a different footing. These include those costs incurred by a party to be paid to a third party, not the attorney for the case, which cannot reasonably be considered to be attorney's fees. These include, among others, docket fees, investigation expenses, deposition expenses, witness expenses, and the costs of charts and maps. Most of these expenses have long been recoverable, in the court's discretion as costs, pursuant to 28 U.S.C. § 1920 . . . .

*Id.* at 639 (internal citations omitted).

### *Plaintiffs' Counsel*

Plaintiffs' counsel seek $6,117.84 for expenses that, as explained in *Northcross*, are expenses included in the concept of attorney's fees. In other words, they are expenses that an attorney would bill to a fee-paying client in the course of providing legal services. Such expenses are not recoverable as costs under § 1920.

Defendant Purves states that he is not challenging any of counsel's expenses on the ground that the are not reasonable expenses that may be recovered under § 1988(b). Rather, Defendant Purves argues that such expenses are capped at $5,850.00 under 42 U.S.C. § 1997e(d)(2), by the

150% cap on attorney's fees (total judgment of $3,900 x 1.5). Plaintiffs respond that Defendant Purves's position is wrong because attorney's fees do not encompass costs. In other words, Plaintiffs argue, "[c]ourts have recognized that attorney fees are part of the definition of costs and not that costs are part of the definition of attorney fees." (ECF No. 369 at PageID.2881.)

Case law on the issue is scant, at best. Defendant Purves cites *Carbonell v. Acrish*, 154 F. Supp. 2d 552 (S.D.N.Y. 2001), in which the court noted that certain expenses were not recoverable as costs under § 1920, but instead were "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients" that are reimbursable only as part of statutory attorney's fees. *Id.* at 569–70 (internal quotation marks omitted). The court said that since the plaintiff's counsel's recovery of fees was "already 'capped out' at 150% of the judgment amount," such out-of-pocket expenses were "not recoverable." *Id.* at 70. The Court's own research has disclosed only one other case that has commented on the issue. In *Jones* v. Olson , No. 14-CV-3068, 2016 WL 1060831 (C.D. Ill. Mar. 17, 2016), the court "agree[d] with Defendants that the expenses sought as fees under 42 U.S.C. § 1988 are subject to the 150% attorney fee cap in 42 U.S.C. § 1997e(d)(1), which is already subsumed in the lodestar calculation." *Id.* at *8.

Plaintiffs argue that the *Carbonell* court provided no analysis to support its conclusion that expenses are included within § 1997e's 150% cap. The same is true for *Jones*. Nonetheless, in this Court's judgment, *Carbonell* and *Jones* both got it right. Plaintiffs' argument that under § 1988(b), attorney's fees are considered "part of the costs," and not the other way around, is correct as far as it goes. As the Supreme Court noted in *Murphy*, *supra*, this language simply broadens the limited category of expenses that may be recovered as costs under § 1920. While attorney's fees are a subset of costs when made available pursuant to a statutory fee provision, *Northcross* makes clear that expenses charged to the client that may be awarded pursuant to § 1988(b) are part of the concept

- 5 -

of attorney's fees. "An attorney's fee under § 1988 includes those expenses that are incurred in order for the attorney to render legal services and that would normally be charged to a fee-paying client, including '[r]easonable photocopying, paralegal expenses, and travel and telephone costs.'" *Segovia v. Montgomery Cty.*, 593 F. App'x 488, 492 (6th Cir. 2014) (quoting *Northcross*, 611 F.2d at 639). The expenses Plaintiffs seek to recover, while part of the "costs," are a subset of attorney's fees. Therefore, they are properly considered part of the attorney's fee subject to the 150% cap.

Plaintiffs argue that had Congress intended to include costs as part of the 150% cap, it would have "used the term costs in § 1997e(d) and not attorney fees." (ECF No. 369 at PageID.2882.) But Congress knew the difference between taxable "costs" under § 1920 and attorney's fees under § 1988, as § 1997e(d) specifically references § 1988. And, as *Northcross* acknowledges, Congress was also well aware that the term "attorney's fees" encompasses incidental and necessary expenses incurred in providing representation to the client. *Northcross*, 611 F.2d at 639. Thus, when Congress used the term "attorney's fees" in § 1997e(d), it knew that such term encompassed incidental expenses normally charged to a fee-paying client—not costs—that would be subject to the 150% cap.

Accordingly, the Court concludes that Plaintiffs are limited by the 150% cap to expenses in the amount of $5,850.00. However, Plaintiffs' counsel may seek to recover the balance of their expenses by filing a motion for reimbursement from the Court's Pro Bono Fund.

### *Plaintiffs*

Defendant Purves does not dispute Plaintiffs' right to recover $87.50 each for their respective portions of the filing fee. However, he argues that Defendant Nelson is not entitled to recover $323.30 for various expenses, including postage, copies, notary services, typewriter ribbons, re-

inking supplies, typewriter paper, legal research, legal writer fees, carbon paper, pens, and legal pads.

Initially, the Court notes that costs may be awarded for "fees for making copies of any materials where the copies are necessarily obtained for use in the case." *Hyland v. HomeServices of Am., Inc.*, 582 F. App'x 657, 657 (6th Cir. 2014) (per curiam). On the other hand, postage expenses are not allowable as costs under § 1920, *see King v. Gowdy*, 269 F. App'x 389, 391 (6th Cir. 2008), and notary fees are recoverable as costs only in connection with the taking of a deposition pursuant to § 1920(2). *See Medison Am., Inc. v. Preferred Med. Sys., LLC*, No. 05-2390-V, 2008 WL 687097, at *2 (W.D. Tenn. Mar. 11, 2008). Nelson requests a total of $66.00 for postage, copies, and notary fees, but he fails to specifically identify the amount for each item. However, based on its review of Nelson's supporting documents, the Court determines that Nelson incurred $2.40 for copies. Nelson is not entitled to recover amounts he spent for postage, and there is no indication that he incurred notary fees in connection with taking a deposition.

As for the remainder of the expenses Nelson seeks to recover under § 1988(b), the Supreme Court has held that *pro se* litigants are not entitled to recover fees under 42 U.S.C. § 1988. *Kay v. Ehrler*, 499 U.S. 432, 438, 111 S. Ct. 1435, 1438 (1991) ("A rule that authorizes awards of counsel fees to *pro se* litigants—even if limited to those who are members of the bar—would create a disincentive to employ counsel whenever a plaintiff considered himself competent to litigate on his own behalf."); *see also Smith v. Eyke*, No. 2:10-CV-235, 2013 WL 3175986, at *4 (W.D. Mich. June 21, 2013) (noting that "§ 1988 authorizes *attorney* fees and Plaintiff did not have the assistance of an attorney"). Because Nelson incurred the requested expenses while acting *pro se*, he may not recover them, regardless of whether they would be considered overhead or billed separately as part of attorney's fees, under § 1988(b).

- 8 -

Finally, Plaintiff Johnson seeks $20.00 for copying costs and $15.00 for postage. Because Johnson breaks out the amount for copying costs in his affidavit, the Court will grant his request for $20.00 in copying charges but deny his request for $15.00 in postage.

Therefore, Plaintiffs' Petition for Expenses (ECF No. 362) is **GRANTED IN PART**. Plaintiffs' counsel are awarded a total of $5,850.00 in expenses pursuant to 42 U.S.C. § 1988(b). Counsel may seek the balance of their expenses ($267.84) by filing a motion for reimbursement from the Court's Pro Bono Fund. Plaintiffs Nelson, Johnson, Moses, and Heard are each entitled to $87.50 as their respective shares of the filing fee. Finally, Plaintiff Nelson is entitled to recover $2.40 in copying charges and Plaintiff Johnson is entitled to recover $20.00 in copying charges.

Dated:  May 7, 2019                              /s/ Gordon J. Quist
                                                GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE