# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: July 15, 2019

Mr. Daniel Edward Manville
Law Office
P.O. Box 20321
Ferndale, MI 48220

Ms. Sarah R. Robbins
Office of the Attorney General of Michigan
P.O. Box 30754
Lansing, MI 48909

          Re:  Case No. 18-2371, *Lamont Heard, et al v. Tom Finco, et al*
                Originating Case No. : 1:13-cv-00373

Dear Counsel,

   The court today announced its decision in the above-styled case.

   Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                                     Yours very truly,

                                     Deborah S. Hunt, Clerk

                                     Alicia N. Harden
                                     for Cathryn Lovely
                                     Opinions Deputy

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0158p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

LAMONT BERNARD HEARD, WILLIAM M. JOHNSON, JAMERO T. MOSES, ANTHONY LEE NELSON,

*Plaintiffs-Appellants*,

*v.*

TOM FINCO,

*Defendant*,

and

BRAD PURVES, Dietician and Food Service Manager,

*Defendant-Appellee*.

No. 18-2371

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:13-cv-00373—Gordon J. Quist, District Judge.

Decided and Filed:  July 15, 2019

Before:  GUY, THAPAR, and NALBANDIAN, Circuit Judges.

---

**COUNSEL**

**ON BRIEF:**  Daniel Manville, CIVIL RIGHTS CLINIC, MICHIGAN STATE UNIVERSITY COLLEGE OF LAW, East Lansing, Michigan, for Appellants.  Patrick S. Myers, MICHIGAN ATTORNEY GENERAL'S OFFICE, Lansing, Michigan, for Appellee.

## OPINION

THAPAR, Circuit Judge. "[G]odliness has value for all things." 1 *Timothy* 4:8. But how do you quantify that value? *See* Quran 83:1 (M.A.S. Abdel Haleem trans., 2004) ("Woe to those who give short measure!"). In our legal system, we typically let the jury decide. And in this case, a jury determined that four Muslim inmates collectively suffered $900 in damages when prison officials did not provide them with adequate meals during Ramadan to accommodate their fasting. The inmates claim that the jury ignored the spiritual harms they suffered in making this calculation. The district court disagreed, and we affirm.

I.

Lamont Heard, William Johnson, Jamero Moses, and Anthony Nelson have at least two things in common: they all belong to the Nation of Islam, and they all are inmates in Michigan prisons. These two commonalities collided when the inmates wanted to observe Ramadan. Muslims around the world celebrate Ramadan as "the month in which the Islamic Holy Book, the Quran, was revealed." R. 370, Pg. ID 2922. Typically, Muslims commemorate Ramadan by fasting the entire month; they neither eat nor drink "from dawn to sunset." *Id.*

Prison, however, makes that practice a challenge. At first, Michigan prisons provided Muslim inmates with one-and-a-half breakfast and dinner portions during Ramadan to accommodate their fasting. But that changed in 2009. That year, Muslim inmates noticed they were getting less food than usual during their meals. Less food meant fewer calories, and fewer calories made observing Ramadan more difficult. With fewer calories, Muslim inmates had a hard time concentrating on spiritual activities such as prayer and Quran readings. So the inmates sent a proposal to the Michigan Department of Corrections to rectify the issue. But prison officials refused to deviate from the "regular statewide menu." R. 370-1, Pg. ID 3069–70. They essentially told the inmates that their problems were their own fault; the regular menu was fine, and the inmates were not receiving the same caloric intake as usual because they were fasting.

Frustrated by this response, the four inmates sued various prison officials. The inmates alleged that the officials violated the First and Eighth Amendments. A jury agreed and awarded damages: $150 for each Ramadan the prison officials disrupted. So Moses and Johnson received $150 each to compensate injuries suffered in 2012, while Heard and Nelson received a total of $300 each for injuries suffered in both 2011 and 2012. Collectively, then, the inmates received $900 in compensatory damages.

Thinking this amount too low, the inmates filed a motion requesting a new trial on damages. The district court denied the motion because it found that the jury could have reached its conclusion based on the evidence. The inmates appealed.

## II.

On appeal, the prison officials do not dispute that they violated the inmates' constitutional rights. Instead, this appeal involves how much compensation the inmates should have received as a result of those violations. More precisely, we review whether the district court abused its discretion in denying the inmates' motion for a new trial on damages. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). We will reverse the district court's decision only if the inmates "unquestionably" proved that they deserved more damages through "uncontradicted" and "undisputed" evidence. *Id.* But so long as "the verdict is supported by *some* competent, credible evidence," the district court did not abuse its discretion. *Walker v. Bain*, 257 F.3d 660, 674 (6th Cir. 2001) (emphasis added).

The jury's damages award was justified by the evidence in front of them, and the inmates did not "unquestionably" show that they were entitled to more. *Anchor*, 94 F.3d at 1021.

At trial, the jury found that the inmates suffered spiritual injuries. The jury based this finding on the evidence, including the inmates' testimony that they could not focus on prayer and Quran readings because they were hungry and frustrated with the lack of food. But, unlike economic injuries, spiritual injuries are hard to quantify. Breach-of-contract damages easily line up with dollar amounts; distraction-from-prayer damages do not. *See Walker*, 257 F.3d at 674; *Richmond v. McElyea*, No. 3-88-327, 1990 WL 303955, at *10 (E.D. Tenn. Aug. 10, 1990) ("[T]he calculation of the exact amount of damages sufficient to compensate . . . for a

constitutional injury is necessarily unscientific and inexact . . . ."). So courts generally let the jury decide how much money a plaintiff should receive when he has suffered such "subjective injuries." *Walker*, 257 F.3d at 674; *see also King v. Zamiara*, 788 F.3d 207, 215 (6th Cir. 2015) ("No formula exists to determine with precision compensatory damages. The amount is left to the sound discretion of the fact finder." (quoting *Smith v. Heath*, 691 F.3d 220, 227 (6th Cir. 1982))). A jury sifts through the evidence and chooses what weight to give each piece. *Walker*, 257 F.3d at 674. And again, its determination need only be "supported by some competent, credible evidence." *Id.*

Here, the jury heard the inmates' testimony and saw their medical records. The inmates also had two experts—a nutritionist and an Islamic studies scholar—testify about the harms (both physical and spiritual) that the inmates suffered. The jury weighed all this evidence and concluded that each inmate suffered $150 worth of harm for each Ramadan the prison officials disrupted. The district court had no good reason to second-guess this determination, and neither do we. *See Wayne v. Vill. of Sebring*, 36 F.3d 517, 525 (6th Cir. 1994) (holding that "the trial court should deny [a motion for a new trial on damages] if the verdict is one that reasonably could be reached, regardless of whether the trial judge might have reached a different conclusion were he the trier of fact"); *see also McDonald v. Petree*, 409 F.3d 724, 731 (6th Cir. 2005) (noting that witness credibility—including experts—is "solely within the jury's province" (quoting *United States v. L.E. Cooke Co.*, 991 F.2d 336, 343 (6th Cir. 1993))).

The inmates argue that the district court downplayed their spiritual injuries and instead placed a premium on medical records and psychological evaluations. When the district court denied the inmates' motion for a new trial on damages, it noted that "the jury could have reasonably concluded, based on [the inmates'] lack of medical or psychological treatment, that [the inmates'] injuries for the First Amendment violations were not as severe as they claimed." R. 356, Pg. ID 2707. In making this observation, however, the district court was not devaluing the inmates' evidence about spiritual harms. Indeed, it coupled that observation with another one: "damages for interference with an individual's freedom to practice his religion extend beyond purely physical injury." *Id.* And, earlier during trial, the court had already made that clear to the jury. When the jury asked the court what "is considered an injury" and specifically

whether spiritual harms counted, the court told the jury that it could consider both "tangible and intangible" harms. R. 349, Pg. ID 2672–74. So the district court did not downplay the inmates' spiritual injuries. Nor did it require that the inmates submit medical records to substantiate those injuries. Rather, the court merely noted that objective evidence (like medical records) might have helped the jury reach a higher damages calculation. That makes sense: medical records usually have corresponding dollar amounts that spiritual harms do not. Without such concrete, objective evidence, the district court had no room to disagree with the value that the jury assigned to the inmates' spiritual damages. *See Walker*, 257 F.3d at 674. Nor do we.

We affirm.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 18-2371

LAMONT BERNARD HEARD, WILLIAM M. JOHNSON,
JAMERO T. MOSES, ANTHONY LEE NELSON,

    Plaintiffs - Appellants,

    v.

TOM FINCO,

    Defendant,

and

BRAD PURVES, Dietician and Food Service Manager,

    Defendant - Appellee.

**FILED**
Jul 15, 2019
DEBORAH S. HUNT, Clerk

Before:  GUY, THAPAR, and NALBANDIAN, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.

THIS CAUSE was heard on the record from the district court and was submitted on the briefs.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is AFFIRMED.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk